Jeffrey D. Vanacore (JV-2000)
ARENT FOX PLLC
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for Defendant,
McWilliams Dispute Resolution, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                              Chapter 7

TELSTAR INTERNATIONAL, INC.,                              Case No. 04-B-23477 (ASH)

                          Debtor.

-----------------------------------------------------------x
JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE
OF TELSTAR INTERNATIONAL, INC.,

                          Plaintiff,
                                                                                             Adv. Pro. No. 05-08677 (ASH)
    v.

MCWILLIAMS DISPUTE RESOLUTION, INC.,

                          Defendant.
-----------------------------------------------------------x

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
SEEKING TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

    Defendant McWilliams Dispute Resolution, Inc. ("Defendant"), by its counsel Arent Fox PLLC, as its Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint"), hereby states as follows:

**NATURE OF THE ACTION**

    1.    The allegations in Paragraph 1 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

3. The allegations in Paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

4. The allegations in Paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

5. The allegation in Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

## PARTIES

6. The allegations in Paragraph 6 of the Complaint state legal conclusions to which no response is required.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

8. Defendant is without knowledge as to the allegations contained in Paragraph 8 of the Complaint and therefore denies those allegations.

9. Defendant is without knowledge as to the allegations contained in Paragraph 9 of the Complaint and therefore denies those allegations.

10. Defendant is without knowledge as to the allegations contained in Paragraph 10 of the Complaint and therefore denies those allegations.

11. Defendant admits it received $17,566.25 from the Debtor.

12. Defendant admits that the transfer of $17,566.25 has not been repaid to either the Debtor or the Trustee. Defendant denies all other allegations contained in Paragraph 12 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Preferential Transfers – 11 U.S.C. §§ 547 and 550)**

13. Defendant's responses to paragraphs 1 through 12 of the Complaint are restated and incorporated by reference as if fully set forth herein. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

17. The allegations in Paragraph 17 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

18. a. The allegations in Paragraph 18(a) of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

b. The allegations in Paragraph 18(b) of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

c. The allegations in Paragraph 18(c) of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

d. The allegations in Paragraph 18(d) of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

19. The allegations contained in Paragraph 19 of the Complaint state legal

conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations.

20. The allegations contained in Paragraph 20 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations.

21. The allegations contained in Paragraph 21 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations. Defendant denies the Plaintiff is entitled to the relief sought.

**SECOND CAUSE OF ACTION**
**(Preferential Transfers – 11 U.S.C. § 548 (a)(1)(B) – Constructive Fraud)**

22. Defendant's responses to paragraphs 1 through 21 of the Complaint are restated and incorporated by reference as if fully set forth herein. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 to the extent that it received $17,566.25 from the Debtor. Otherwise, the allegations in Paragraph 23 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. The allegations in Paragraph 25 of the Complaint state legal conclusions to which no response is required. To the extent an answer is required, the allegations are denied.

26. Defendant is without knowledge as to the allegations contained in Paragraph 26 and therefore denies those allegations.

27. To the extent the allegations contained in Paragraph 27 of the Complaint state legal conclusions, no response is required. Otherwise, Defendant is without knowledge as to the allegations contained in Paragraph 27 of the Complaint and therefore denies those allegations.

28. Defendant is without knowledge as to the allegations contained in Paragraph 28 of the Compliant and therefore denies those allegations.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint

30. To the extent the allegations contained in Paragraph 30 of the Complaint state legal conclusions, no response is required. Otherwise, Defendant is without knowledge as to the allegations contained in Paragraph 30 of the Complaint and therefore denies those allegations.

31. The allegations contained in Paragraph 31 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations. Defendant denies the Plaintiff is entitled to the relief sought.

## THIRD CAUSE OF ACTION
### (Preferential Transfers – 11 U.S.C. § 548 (a)(1)(A) – Actual Fraud)

32. Defendant's responses to paragraphs 1 through 31 of the Complaint are restated and incorporated by reference as if fully set forth herein. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant admits a transfer was made in the amount of $17,566.25. Defendant denies the transfer was a fraudulent conveyance.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint. Defendant further states it is under no legal duty to return the transfer.

35. Defendant is without knowledge as to the allegations contained in Paragraph 35 and therefore denies those allegations.

36. Defendant is without knowledge as to the allegations contained in Paragraph 36 and therefore denies those allegations.

37. The allegations contained in Paragraph 37 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. The allegations contained in Paragraph 39 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations.

40. The allegations contained in Paragraph 40 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations. Defendant denies the Plaintiff is entitled to the relief sought.

**FOURTH CAUSE OF ACTION**
**(Preferential Transfers – 11 U.S.C. § 544(b)**
**and New York Debtor & Creditor Law § 270 et seq.)**

41. Defendant's responses to paragraphs 1 through 40 of the Complaint are restated and incorporated by reference as if fully set forth herein. Defendant denies the allegations in paragraph 41 of the Complaint.

42. The allegations contained in Paragraph 42 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required,

Defendant denies the allegations.

43. The allegations contained in Paragraph 43 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations.

44. Defendant admits the allegations contained in Paragraph 44 of the Complaint.

45. Defendant is without knowledge as to the allegations contained in Paragraph 45 and therefore denies those allegations.

46. Defendant is without knowledge as to the allegations contained in Paragraph 46 and therefore denies those allegations.

47. The allegations contained in Paragraph 47 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations. Defendant denies the Plaintiff is entitled to the relief sought.

**FIFTH CAUSE OF ACTION**
**(Turnover of Property – 11 U.S.C. §§ 541, 542 and 550)**

48. Defendant's responses to paragraphs 1 through 47 of the Complaint are restated and incorporated by reference as if fully set forth herein. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant admits the allegations contained in Paragraph 49 of the Complaint. Defendant further states it is under no legal duty to return the transfer.

50. Defendant is without knowledge as to the allegations contained in Paragraph 50 and therefore denies those allegations.

51. Defendant is without knowledge as to the allegations contained in Paragraph 51 and therefore denies those allegations.

52. The allegations contained in Paragraph 52 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations.

## SIXTH CAUSE OF ACTION
### (Turnover of Property – 11 U.S.C. §§ 541, 542 and 550)

53. Defendant's responses to paragraphs 1 through 52 of the Complaint are restated and incorporated by reference as if fully set forth herein. Defendant denies the allegations in paragraph 53 of the Complaint.

54. The allegations contained in Paragraph 54 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations. Defendant further states it is under no legal duty to return the transfer.

55. Defendant is without knowledge as to the allegations contained in Paragraph 55 and therefore denies those allegations.

56. Defendant is without knowledge as to the allegations contained in Paragraph 56 and therefore denies those allegations.

57. The allegations contained in Paragraph 57 of the Complaint state legal conclusions to which no response is required. To the extent an answer may be required, Defendant denies the allegations. Defendant denies the Plaintiff is entitled to the relief sought.

In response to the prayer for relief following Paragraph 57 and beginning with the word

"WHEREFORE," the allegations state legal conclusions to which no response is required. Defendant denies that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

Defendant expressly reserves the right to amend and/or supplement its answer, defenses and all other pleadings. Defendant raises each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations or other creations, including the common law. Defendant has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it and therefore reserves the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

The alleged transfers sought to be avoided in this action were, upon information and belief, intended by the Plaintiff and the Defendant to be contemporaneous exchanges for new value given to the Plaintiff and were, in fact, substantially contemporaneous exchanges.

## SECOND AFFIRMATIVE DEFENSE

The alleged transfers sought to be avoided in this action were, upon information and belief, made in payment of debts incurred by Plaintiff in the ordinary course of business or financial affairs of the Plaintiff and the Defendant, made in the ordinary course of business or financial affairs of the Plaintiff and the Defendant, and made according to ordinary business terms.

## THIRD AFFIRMATIVE DEFENSE

The alleged transfers sought to be avoided in this action are not avoidable, to the extent that, after such transfers were allegedly made, the Defendant gave new value to or for the Plaintiff's benefit which was not secured by an otherwise unavoidable security interest, and on

account of which new value the Plaintiff did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it and therefore reserves the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint with prejudice, tax costs against Plaintiff, and award Defendant such other and further relief as the Court may deem just, equitable and proper.

Dated: New York, New York
December 5, 2005

ARENT FOX PLLC
Attorneys for Defendant

By: */s/ Jeffrey D. Vanacore*
Jeffrey D. Vanacore (JV-2000)
1675 Broadway
New York, NY 10019
(212) 484-3900